IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRILL WAYNE ESTES**                                                                   **PLAINTIFF**

vs.                                                      **CIVIL ACTION NO. 3:14CV18-SAA**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Terrill Wayne Estes has filed suit under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on February 9, 2011 alleging disability beginning on October 12, 2007. Docket 12, p. 175. His claim was denied initially on July 6, 20011, and upon reconsideration on September 2, 2011. *Id.* at 70-78, 88-89. He filed a request for hearing and was represented by counsel at the hearing held on November 9, 2012. *Id.* at 32-65. The Administrative Law Judge (ALJ) issued an unfavorable decision on December 12, 2012, and on December 27, 2013, the Appeals Council denied plaintiff's request for a review. *Id.* at 10-18, 1-5. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

# I.  FACTS

Plaintiff was born on November 14, 1969 and earned his GED in 1987.  Docket # 12, p. 38-39, 180.  He was forty two years old at the time of the hearing.  *Id.* at 38.  Plaintiff's past relevant work was as a hand laminator, counter top installer and electric worker.  *Id.* at 62.  He contends that he became disabled before his application for benefits as a result of "anxiety, mental disorders and depression".  *Id.* at 179.

The ALJ determined that plaintiff suffered from a "severe" impairment of "anxiety and depression" (Docket 12, p. 12), but that the impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 404.920(d), 416.925 and 416.926).  *Id.* at 13.  Based upon testimony by a vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC)

> to perform a full range of work at all exertional levels but with the following nonexertional limitations; the claimant is limited to routine repetitive tasks; with no fast paced production requirements; and only occasional interaction with the public, co-workers, or supervisors. . . .

*Id.* at 14.  The ALJ rejected his claims of disability, concluding that even though the plaintiff had severe impairments, he could perform his past relevant work as a hand laminator, counter top installer, and electric worker.   Accordingly, the ALJ ultimately held that plaintiff is not disabled under the Social Security Act.  *Id.* at 18.

Plaintiff argues that the ALJ erred when he did not find plaintiff's physical impairments to be either severe or non-severe and properly include them in his consideration of the RFC.  He also contends that the ALJ erred by not addressing plaintiff's mother's testimony or her written statement in his opinion, improperly relying on apparent gaps in plaintiff's treatment records,

2

and ultimately reaching an erroneous conclusion that plaintiff could return to past work and actually obtain and maintain employment. Docket 18.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

---

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends the ALJ erred by failing to find that his diabetes and high triglycerides were impairments. The Commissioner, citing 20 C.F.R. §§ 404.1513(a), 416.913(a) for the proposition that in order to "establish an impairment a claimant must provide evidence from an 'acceptable medical source'" [Docket 19, p. 7], responds that "[t]he ALJ properly determined that plaintiff's diabetes was not a medically determinable impairment because a nurse practitioner is not an acceptable medical source." *Id*. at 6. Because the plaintiff's diabetes diagnosis was made by a nurse practitioner, and nurse practitioners are not "acceptable medical sources," the Commissioner argues that plaintiff has failed to prove that his diabetes is a medically-determinable impairment.

While it is true that SSR 06-03p does not require that an ALJ give a particular amount of weight to nurse practitioners, it does state that a non-acceptable medical source, such as a nurse practitioner, may be given more weight if

> he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion. Giving more weight to the opinion from a medical source who is not an 'acceptable medical source' than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p.

Plaintiff has been treated by a nurse practitioner on a regular basis. The records contain a

5

notation of diabetes by the nurse practitioner Laurie Barton and a notation on the Region 4-Timberhills MHC record that plaintiff had been having trouble with his blood sugar. Docket 12, 310, 317. Additionally, plaintiff testified that he takes Metformin 2000 a day and that his diabetes affects his eyesight on a daily basis and makes him tired easily. Docket 12, p. 40-41, 49. A Lab Report indicates that plaintiff's triglycerides were 738 mg/dl [less than 150 mg/dl is the normal range], but there do not appear to be records documenting treatment for the elevated levels to which plaintiff testified. Nonetheless, during his testimony plaintiff indicated that these conditions cause him to be dizzy and affect his vision. *Id.* at 49.

The ALJ certainly has authority in this situation to weigh the nurse practitioner's opinions given the source of plaintiff's treatment; most importantly, however, the ALJ is required by SSR 96-8p to consider all allegations of disability. The regulation specifically states,

> When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

That not the case in this action. Here, plaintiff testified at the hearing, and the records indicate, that he has had issues with his blood sugar and has been given a diabetes diagnosis. At the very least, the ALJ should have discussed these alleged impairments and determined whether they are severe or non-severe. Because the ALJ did not even mention either plaintiff's diabetes or high triglycerides, it is impossible for the court to determine whether the ALJ's consideration of these asserted impairments was proper.

Although it expresses no opinion on whether the plaintiff is disabled or not, the court concludes that the ALJ's opinion is unsupported by substantial evidence, and this case should be

remanded for further consideration. The ALJ should assess all of plaintiff's alleged impairments and provide the rationale behind his findings, with specific references to evidence of record in support of the assessed limitation. Additionally, the ALJ should provide an explanation of the consideration he provided to the testimony and written statement provided by plaintiff's mother. His decision makes no mention whatsoever of plaintiff's mother's testimony or her statement. Although the Commissioner asserts that the ALJ was not required to provide a specific weight to her testimony or statement, it is not clear from the opinion whether the ALJ even read the statement provided. "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources' or otherwise ensure that the discussion of the evidence in the determination or decision allows the claimant or subsequent reviewer to follow the adjudicator's reasoning . . ." SSR 06-03p. Because the ALJ made no mention of her testimony or her statement, the undersigned is without sufficient information to ensure that the ALJ's analysis was proper.

The court understands that plaintiff's medical history does not include treatment by many acceptable medical sources or many visits to an acceptable medical source. However, the ALJ cannot pick and choose portions of the treating physician's opinion and ignore records from plaintiff's nurse practitioner simply, particularly when the ALJ failed to ask if plaintiff had seen other acceptable medical sources during the period of time where there appeared to be a gap in treatment. It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear whether the ALJ properly considered the record evidence to reach the RFC and the ultimate conclusion that plaintiff is not disabled. It is clear that additional development of the record, either by closer examination of the opinions of plaintiff's nurse practitioner, review of

7

the newly submitted records, or even obtaining a follow-up review by an examining physician who has been provided all the records and medical source statements, would have been easily obtained, and probably helpful, had the ALJ sought such information. The undersigned holds that the decision of the Commissioner should be remanded for further proceedings consistent with this opinion.

## IV. CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 3rd day of October, 2014.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE